UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES ROBERT
FRANKENBERRY, JR.,

    Plaintiff,

v.   Case No. 4:19cv175-RH-HTC

R. BASSA, Chief Health Officer,
Reception and Medical Center,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a *pro se* civil rights complaint (ECF Doc. 1), pursuant to 42 U.S.C. § 1983, and motion to proceed *in forma pauperis* (ECF Doc. 2). Upon review of the complaint, it appears this case should be transferred to the United States District Court for the Middle District of Florida.

A civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §

1391(b).  Additionally, 28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

Here, Plaintiff is an inmate of the Florida Department of Corrections currently confined at Reception and Medical Center ("RMC"), which is in Union County, Florida.  Plaintiff alleges Defendant R. Bassa, the Chief Health Officer of RMC, is violating the Eighth Amendment by providing inadequate treatment for a potentially cancerous mass in Plaintiff's lung and by failing to properly run the medical department at RMC.  Thus, the acts forming the basis of the alleged Eighth Amendment violation occurred in Union County, which is located within the jurisdiction of the Middle District of Florida.  Furthermore, the complaint does not allege Defendant Bassa resides in the Northern District of Florida.  Therefore, pursuant to 28 U.S.C. § 1406(a), this case should be transferred to the Middle District of Florida.

Case No. 4:19cv175-RH-HTC

Accordingly, it is respectfully RECOMMENDED:

1.   That the clerk TRANSFER this case to the United States District Court for the Middle District of Florida.

2.   That the clerk close the file.

At Pensacola, Florida, this 1st day of May, 2019.

                                        */s/ Hope Thai Cannon*
                                        **HOPE THAI CANNON**
                                        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.